In the Matter of ETTA TARNAPAL et al., Copartners Doing Business under the Name of THRIFT AUTO PARKING, Respondents, against BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Appellants.— Appeal by defendants from an order annulling a determination of the Board of Standards and Appeals of the City of New York, which revoked a certificate of occupancy issued by the Borough Superintendent of the Department of Housing and Buildings, on March 26, 1942, reinstating the certificate, and denying the defendants' motion to dismiss the order of certiorari. Order reversed on the law and the facts, with $50 costs and disbursements, the proceeding dismissed, and the determination of the Board of Standards and Appeals reinstated and confirmed. On June 28, 1935, the Building Zone Resolution (adopted July 25, 1916) was amended so that it prohibited the use of premises for commercial outdoor parking of more than five motor vehicles in a business district. On

December 18, 1940, section 6 of the Zoning Resolution (eff. June 28, 1940) was amended by adding subdivision (b) which, so far as material, reads as follows: " Any use existing in any building or premises lawfully established subsequent to July 25, 1916, and not conforming to the regulations of the use district in which it is maintained, may be continued therein * * *." Respondents, as lessees of the premises, in seeking to sustain the issuance of the certificate of occupancy to them by the Borough Superintendent, claim that the premises had been used for the parking of more than five motor vehicles prior to June 28, 1935, and up to May 31, 1938, when the use was discontinued as a result of court proceedings. The record clearly shows that the prior use was not lawfully established and also shows that a former lessee's application for a variance was denied by the board in 1937, and the board's determination affirmed by the court in 1939. It further appears that between 1939 and 1941 the premises were rented for conducting religious services, which was a conforming use. Hence, the board was justified in revoking the certificate of occupancy. Hagarty, Acting P. J., Carswell, Johnston, Adel and Aldrich, JJ., concur.